# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**HIGHWAY J CITIZENS GROUP, U.A.
and WAUKESHA COUNTY
ENVIRONMENTAL ACTION LEAGUE**
        Plaintiffs,

      v.                                      Case No. 05-C-0212

**UNITED STATES DEPARTMENT OF
TRANSPORTATION; Secretary of
Transportation NORMAN MINETA;
FEDERAL HIGHWAY ADMINISTRATION;
Administrator of Federal Highway
Administration MARY PETERS; U.S. ARMY
CORPS OF ENGINEERS; District Engineer
MICHAEL F. PFENNING; and FRANK
BUSALACCHI, in his official capacity as
Secretary of the State of Wisconsin
Department of Transportation**
        Defendants.

---

## DECISION AND ORDER

      On April 27, 2005, I denied plaintiffs' request to preliminarily enjoin defendants from continuing construction of a highway project in Waukesha County, Wisconsin – the "County J/Highway 164" project. Plaintiffs have appealed my ruling, and before me now is their motion for an injunction pending appeal pursuant to Fed. R. Civ. P. 62(c). I provided the background of the case in my April 27, 2005, Decision and Order, with which I assume the reader is familiar.

      Rule 62(c) provides that:

[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend,

> modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

In deciding whether to issue an injunction pending appeal, I must consider: (1) the likelihood of the appellants prevailing on the merits of the appeal; (2) whether the parties seeking the injunction will be irreparably injured absent an injunction; (3) whether issuance of the injunction will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.  See Indianapolis Colts v. Mayor & City Council of Baltimore, 733 F.2d 484, 486 (7th Cir. 1984); Adams v. Walker, 488 F.2d 1064, 1065 (7th Cir. 1973); Graff v. City of Chicago, 800 F. Supp. 584, 585 (N.D. Ill. 1992); 12 James Wm. Moore et al., Moore's Federal Practice § 62.06[3] (3d ed. 2005).

In the present case, I will deny plaintiffs' motion for an injunction pending appeal because plaintiffs have shown no likelihood of prevailing on the merits of their appeal.  In their brief in support of their motion, plaintiffs indicate in the appeal they will only raise arguments based on the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321-47, and arguments that their NEPA claims are not barred by claim preclusion. Thus, to show a likelihood of success on the merits of their appeal, plaintiffs must show a likelihood of succeeding on their argument concerning claim preclusion and on their argument that they are entitled to preliminary relief in connection with their NEPA claims. However, plaintiffs have not shown a likelihood of succeeding on their claim preclusion argument.

As stated in detail in my April 27, 2005, Decision and Order, Citizens (with which WEAL was in privity) already raised its claim involving the County J/Highway 164 project in a prior lawsuit, Citizens I.  It appears that plaintiffs' argument on appeal will be based on

the fact that the "focus" of Citizens I was the Ackerville Bridge project, and that the County J/Highway 164 project was relevant to such litigation "only because" Citizens believed that it was improperly segmented from the Ackerville project. (Br. in Supp. of Mot. for Inj. Pending Appeal [R. 58, attach. 1] at 2-3.) I do not dispute that the "focus" of Citizens I was the Ackerville Bridge project. However, as explained in my April 27, Decision and Order, that Citizens focused on its claim involving the Ackerville project in Citizens I does not alter the fact that it also raised its claim involving the County J/Highway164 project in that case, and claim preclusion contains no exception for claims that were raised but not made the focus of a prior lawsuit. In any case, plaintiffs have not cited any authority or legal principles supporting their assertion that they may re-litigate a claim raised in a prior lawsuit so long as that claim was not the focus of such suit. Thus, I have no reason to conclude that this argument has any likelihood of succeeding on appeal.

Accordingly, **IT IS ORDERED** that plaintiffs' motion for injunction pending appeal is **DENIED**.

Dated at Milwaukee, Wisconsin this 16 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge

3