# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**HIGHWAY J CITIZENS GROUP, U.A.,**
et al.,
        Plaintiffs,

      v.                               Case No. 05-C-0212

**UNITED STATES DEPARTMENT OF TRANSPORTATION; et al.,**
        Defendants.

---

## DECISION AND ORDER

In 2005, the plaintiffs in this action filed a complaint alleging that certain decisions of the Federal Highway Administration ("FHWA") and the Army Corps of Engineers (the "Corps") were made in violation of the Administrative Procedure Act, the National Environmental Policy Act ("NEPA"), the Federal-Aid Highway Act, and the Clean Water Act. The challenged decisions involved a highway project in which the Wisconsin Department of Transportation ("WisDOT") proposed to expand approximately 18 miles of Highways J and 164 in Waukesha and Washington counties from two to four lanes. In 2008, following the conclusion of litigation relating to certain procedural issues, the plaintiffs filed an amended complaint. This complaint continued to challenge the federal decisions with respect to the Highway J/164 expansion project. Specifically, the amended complaint challenged: (1) a March 6, 2002 Record of Decision ("ROD") of the Federal Highway Administration, which authorized the use of federal funds for the project; (2) a permit issued by the Corps in 2005 allowing WisDOT to fill certain wetlands in connection with the project; and (3) a permit issued by the Corps in 2006 allowing WisDOT to fill certain

wetlands in connection with the project. In an opinion issued on September 14, 2009, I vacated all three of these decisions. See Highway J Citizens Group v. U.S. Dept. of Transp., 656 F. Supp. 2d 868 (E.D. Wis. 2009). With respect to the ROD, I determined that the agencies had prepared an inadequate environmental-impact statement ("EIS") for the project and that therefore the decision to approve it was made in violation of NEPA. Id. at 884–94. I also determined that the agencies had failed to hold an appropriate public hearing for the project, and that therefore the ROD was not issued in compliance with the Federal-Aid Highway Act. Id. at 894–97. With respect to the two wetland permits, I determined that because the Corps had relied on the deficient EIS in issuing the permits, it had failed to comply with the Clean Water Act. Id. at 897–98. After stating that the ROD and the permits were vacated, I indicated that the agencies could return to the drawing board and attempt to cure the deficiencies in their decisionmaking. Id. at 898.

Following my September 2009 decision, the parties engaged in lengthy settlement discussions. By January 19, 2011, the parties had reached a tentative settlement. The impetus for the settlement was that WisDOT had decided that it was no longer interested in moving forward with plans to expand Highways J and 164 from two to four lanes. In a minute order dated July 1, 2011, I wrote that the case was dismissed without prejudice pursuant to the parties' settlement agreement. See ECF No. 192. I did not retain jurisdiction to enforce the settlement agreement. On July 18, 2011, I held a status conference with the parties to determine whether I had prematurely dismissed the case without prejudice, and the parties informed me that I had not.

Beginning in 2012, the plaintiffs, represented by different counsel, began to suggest that this case would need to be reopened to address certain recent actions that WisDOT

had been taking along Highway 164. On August 8, 2013, the plaintiffs filed a formal motion to reopen this case and for a preliminary injunction. In this motion, the plaintiffs contend that WisDOT is performing work in the area of Highway 164 in violation of NEPA, the Federal-Aid Highway Act, and the Clean Water Act. The work consists of some preliminary surveying and appraisal of land in the area around the highway. WisDOT informs me that this work is being done in anticipation of a new project, known as the Highway 164 Reconditioning Project. See Aff. of Traci Gengler ¶ 6, ECF No. 217-2. This project will involve resurfacing the pavement of the highway, widening certain lanes, and making safety improvements. Id. However, according to WisDOT, the project will not involve adding through lanes to the highway. Id. ¶ 7. In other words, the project will not involve expanding any part of the highway from two to four lanes. Nonetheless, the plaintiffs seek an injunction against the project and believe that the present action is the proper procedural vehicle for seeking such relief.

In response to the plaintiffs' motion, the defendants filed a motion in which they questioned whether the present action is the proper procedural vehicle for seeking relief against the Highway 164 Reconditioning Project. Other than filing this motion, the defendants did not file a brief in opposition to plaintiffs' motion to reopen and for a preliminary injunction. This caused the plaintiffs to file a motion asking me to grant their motion to reopen and for a preliminary injunction as unopposed. However, I will not do that. It is clear that the defendants oppose the motion, and the defendants' own motion can be construed as a brief in opposition to the plaintiffs' motion. Thus, the plaintiffs' motion to "enter judgment" on their earlier motion will be denied. See ECF No. 215.

3

In their motion, the defendants point to a key procedural problem, which is that the plaintiffs have not filed any complaint alleging that WisDOT's current activities violate federal law. The last complaint filed in this action, which was the amended complaint filed in 2008, challenged the March 6, 2002 ROD and the 2005 and 2006 wetlands permits. As noted, that ROD and those permits have been vacated, and in their motion for a preliminary injunction, the plaintiffs do not seek any relief in connection with those documents. Moreover, the 2008 complaint contains no allegations about WisDOT's current actions or about any federal approval of those actions. Thus, there is currently no complaint on file stating a claim for relief against the defendants in connection with WisDOT's current actions. See Fed. R. Civ. P. 8(a). I am aware of no authority that would allow me to grant a preliminary injunction to a plaintiff before it has even filed a complaint that states a claim for relief in connection with the activity that would be enjoined. Accordingly, before a court could address the merits of the plaintiffs' motion for a preliminary injunction, the plaintiffs would need to file a new complaint.

The defendants also raise the question of whether the plaintiffs can file a new complaint as part of this action. Conceivably, the plaintiffs could move to file a supplemental complaint as part of this action under Federal Rule of Civil Procedure 15(d). That rule provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." However, I doubt that such a motion could be granted. There is no good reason to allow the plaintiffs to challenge WisDOT's current activities under the caption of a case that was litigated and resolved years ago when they could just as easily commence a new action. The only

4

reason the plaintiffs give for reopening this action is that the defendants are violating my previous orders in this case. See Br. in Supp. of Mot. to Reopen and for Prelim. Inj. at 3, ECF No. 207. However, during the course of the prior litigation, I never ordered the defendants to do or not do anything. I did not enjoin the defendants from engaging in any construction activities on Highways J and 164. I did not incorporate the terms of any settlement agreement the parties may have executed into a consent decree. All that I did was vacate the 2002 ROD and the 2005 and 2006 wetlands permits.[1] Thus, it is inaccurate to describe WisDOT's current actions as being in violation of an order I entered in this case.

The plaintiffs also seem to suggest that this case should be reopened because WisDOT's current project, the Highway 164 Reconditioning Project, is the "same project" as the one that was the subject of my previous orders in this case. I doubt that it is accurate describe the current project as the same project that was before me in the prior stages of this case. The current project does not involve expanding the highway from two to four lanes, and that was the central feature of the old project.[2] In any event, even if it

---

[1] In my September 2009 order, I stated that the matter would be remanded to the respective agencies "so that they may cure the noted deficiencies and reconsider their decisions." Highway J, 656 F. Supp. 2d at 898. I did not mean for this to be an injunction requiring the agencies to cure the noted deficiencies and reconsider their decisions. Rather, this language was meant to make clear that the agencies were free to cure the noted deficiencies and issue new decisions approving the four-lane project, if that is what they wanted to do. As noted, the agencies decided not to proceed with the four-lane project, and so they had no reason to cure the deficiencies in the EIS or the public hearing for that project.

[2] The plaintiffs contend that the current project is merely an interim step towards the expansion of the highway to four lanes. Even if that were so, it would still be inaccurate to describe the present project as being the same as the old project. The old project was not merely an interim step towards a project involving the expansion of the highway to four

were accurate to describe the current project as being the same as the old project, that would not be grounds for reopening this case. Although the project might be the same, if it is going to be federally funded or involve filling federally protected wetlands, then the FHWA and the Corps will have to issue new decisions authorizing the use of such funds and the filling of such wetlands. The plaintiffs' claims would then be directed to those new decisions, and such claims would be evaluated in light of the administrative records prepared for those decisions rather than the records prepared for the vacated ROD and vacated wetlands permits. See, e.g., Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."). Because the plaintiffs' new claims would involve new agency decisions and new administrative records, my order vacating the agencies' old decisions would not be law of the case and would not control the outcome of plaintiffs' new claims. Thus, the plaintiffs should raise their new claims in a complaint filed in a new action rather than in a supplemental complaint filed in this action. See Planned Parenthood v. Neely, 130 F.3d 400, 402–03 (9th Cir. 1997) (supplemental complaint not appropriate when it would introduce separate and distinct causes of action that could be brought in a separate lawsuit); 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1509 (3d ed. 2010) (noting that leave to file supplemental complaint will usually be denied when it would have the effect of reopening the case and when the matters alleged in the supplemental complaint could be the subject of a separate action).

---

lanes. It was a project involving the expansion of the highway to four lanes.

Accordingly, the plaintiffs' motion to reopen this case and for a preliminary injunction will be denied. If the plaintiffs wish to file a new complaint and a new motion for a preliminary injunction challenging WisDOT's current activities, they are free to do so.[3]

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiffs' motion to reopen and for preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for a stay of briefing, a status conference, and for related relief is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that the plaintiffs' motion to enter judgment on their motion to reopen and for preliminary injunction is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2013.

                                                  s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                  District Judge

---

[3]The defendants represent that, at the present time, no federal approval has been given to WisDOT to proceed with the Highway 164 Reconditioning Project. If that is so, then it may be that any challenge to the project would not be ripe. However, I express no view on this matter. If the plaintiffs believe that a challenge to the project is ripe, then they may file a new complaint immediately. Of course, the defendants will be free to file a motion to dismiss any such complaint on the ground that the plaintiffs' claims are not ripe (or on any other appropriate ground).